[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Carlos Johnson, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of one count each of attempted burglary and possession of criminal tools and two counts of receiving stolen property. Johnson was convicted of the offenses following a jury trial.
In February 2000, this court reversed the trial court's judgment in part, vacated the sentences, and remanded the cause for a new sentencing hearing.[1] Because the lower court failed to comply with our mandate on remand, we again reverse the trial court's judgment in part, vacate the sentences, and remand the cause for further proceedings.
In his first assignment of error, Johnson argues that the trial court erred in imposing sentences of imprisonment.[2] Johnson contends that the record does not support the trial court's conclusion that he had previously served a prison term, and that none of the other factors set forth in R.C. 2929.13(B)(1) for the imposition of imprisonment for felonies of the fourth and fifth degree was applicable. He argues that the trial court was therefore required to impose community control rather than imprisonment. We find the assignment unpersuasive.
The transcript of the sentencing hearing conducted after remand reveals that, in 1993, Johnson had been convicted of robbery in the state of Illinois, and that he had received four years' imprisonment for the offense. Johnson himself conceded, at the first sentencing hearing, that he had served the entire sentence. Since the record supports the lower court's finding in this regard, the court did not err in imposing terms of incarceration under R.C. 2929.13(B)(1). The first assignment of error is overruled.
In the second assignment of error, Johnson challenges the lower court's imposition of consecutive sentences as being contrary to law and unsupported by the record. Here, Johnson argues that the record does not support the lower court's finding that his criminal history warranted the imposition of consecutive sentences. We disagree. As we stated under the first assignment of error, the record supports the lower court's finding that Johnson had served a term of imprisonment for a felony offense in Illinois. The lower court did not err in concluding that, given Johnson's prior record, consecutive terms of incarceration were warranted in the present case.
But we do find merit in Johnson's argument that the lower court failed, again, to find that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he posed to the public. Absent such a finding, the trial court's imposition of consecutive sentences violated R.C. 2929.14(E)(4).[3] The second assignment of error is accordingly sustained.
In his fourth assignment of error, Johnson contends that the trial court erred by not crediting him with the time he had already served in confinement. Although R.C. 2967.191 puts the onus of crediting time served upon the department of rehabilitation and correction, the trial court must nonetheless calculate the number of days served and include such calculation in its sentencing entry.[4] Accordingly, we sustain the fourth assignment of error and instruct the trial court to include the calculation in its sentencing entry on remand.
In the third assignment of error, Johnson argues that he was denied the effective assistance of trial counsel. Specifically, he maintains that counsel was deficient in failing to request credit for time that he had served. Given our disposition of the fourth assignment of error, this assignment of error is moot, and we need not address it on its merits.
In his fifth and final assignment of error, Johnson argues that the trial court erred by failing to follow this court's prior mandate to correct the judgment entry to reflect that he had been found guilty after a jury trial rather than upon the entry of guilty pleas. The assignment is sustained. The lower court's entry again misstates that Johnson had entered guilty pleas. On remand, the trial court is again instructed to correct the error so that the entry reflects findings of guilt following a jury trial.
The trial court's judgment imposing consecutive sentences is vacated and this cause is remanded for resentencing consistent with law. The trial court is further ordered to include a calculation of time served and to correct its entry to reflect findings of guilt after a jury trial.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] State v. Johnson (Feb. 4, 2000), Hamilton App. No. C-990082, unreported.
[2] The attempted-burglary was a felony of the fifth degree. Receiving stolen property, as charged in the second count of the indictment, was a felony of the fourth degree. Receiving stolen property, as charged in count three of the indictment, as well as possessing criminal tools, were felonies of the fifth degree.
[3] See State v. Moore (Sept. 29, 2000), Hamilton App. No. C-990739, unreported.
[4] State v. Berry (Apr. 14, 2000), Hamilton App. Nos. C-990354 and C-990365, unreported.